**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8366 PA (JCx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Vance Knox et al. v. FedEx Freight, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant FedEx Freight, Inc. ("Defendant") on October 30, 2014. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Vance Knox ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that Plaintiff is "a citizen of the State of California," citing Plaintiff's Complaint at ¶¶ 1, 4. Notice of Removal ¶ 8. However, the Complaint alleges that Plaintiff "is a resident of the County of Los Angeles" and that Defendant "employed [Plaintiff] to work . . . in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8366 PA (JCx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Vance Knox et al. v. FedEx Freight, Inc. | | |

County of Los Angeles." Defendant also submitted the Declaration of Katyna Naylor, a Field Human Resources Manager for Defendant, to show that Plaintiff is a citizen of the State of California: "throughout his employment . . . [Plaintiff] lived at an address in Los Angeles." (Naylor Decl. ¶ 4). Neither the Complaint nor the Declaration refers to Plaintiff's place of domicile or citizenship. An individual is not necessarily domiciled where he or she resides. Defendant's allegations of Plaintiff's citizenship, based on allegations of residence, are insufficient to establish Plaintiff's citizenship. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Further, Defendant has not met its burden to establish that the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 11-12. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint is silent as to the amount of damages Plaintiff seeks. Therefore, it is incumbent on Defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Sanchez, 102 F.3d at 404. Defendant suggests that the amount in controversy requirement is satisfied by a combination of (1) lost wages and benefits; (2) "general damages, and for damages for emotional distress"; (3) punitive damages; and (4) attorneys' fees. Notice of Removal ¶ 11.

First, Defendant alleges that Plaintiff's recovery for back pay alone would be approximately $28,000. Notice of Removal ¶ 11. Defendant calculates this recovery based on Plaintiff's actual pay from previous years and assumes that Plaintiff was owed wages from the date of termination, September 17, 2013, through an expected trial date of September 2015. However, Defendant makes no effort to explain or support its assumption that the trial date would be September 2015.

With respect to punitive damages, Defendant argues that the minimum amount in controversy will exceed the jurisdictional minimum. Notice of Removal ¶ 11. Defendant cites a case illustrating that "courts have recognized that a Plaintiff's claim for punitive damages 'might alone' exceed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8366 PA (JCx) | Date | November 13, 2014 |
|---|---|---|---|
| Title | Vance Knox et al. v. FedEx Freight, Inc. | | |

jurisdictional minimum." Notice of Removal ¶ 16 (internal citation omitted). However, Defendant makes no effort to analogize that authority to the facts of the present case.

Finally, with respect to attorneys' fees, Defendant argues that "attorneys' fees alone could meet the jurisdictional amount in controversy if this case proceeds through trail." Notice of Removal ¶ 11. Although there is authority supporting this proposition, the Court notes a split of authority within the Ninth Circuit. See Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes.") However, the Court need not enter this debate because Defendant has presented no evidence regarding attorneys' fees, either accrued or anticipated.

For all of the foregoing reasons, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC559038. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.